United States District Court
Southern District of Texas
**ENTERED**
August 05, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **QUELEN NOLASCO HERRERA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:15-189** |
| | § | |
| **LORIE DAVIS,[1]** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 20, 2015, Petitioner Quelen Nolasco Herrera ("Herrera") filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, by a Person in State Custody. Dkt. No. 1. On January 25, 2016, Respondent Lorie Davis, in her official capacity as Director of Texas Department of Criminal Justice – Correctional Institutions Division (hereinafter "State") filed a motion for summary judgment. Dkt. No. 12. That motion is now fully briefed and pending before the Court.

After reviewing the record and the relevant case law, the Court finds that Herrera's petition is untimely filed and that there is no basis for equitable tolling.

## I. Background

### A. Factual Background

In February 2011, an indictment was returned against Herrera in Cameron County, Texas. Dkt. No. 11-2, p. 95.[2] In that indictment, Herrera was charged with one count of continuous sexual abuse of a child and three counts of indecency with a child. Id, pp. 95-96.

---

[1] William Stephens was originally the respondent in this case, in his official capacity as Director of Texas Department of Criminal Justice – Correctional Institutions Division. Lorie Davis now has that position; pursuant to FED. R. CIV. P. 25(d), she is substituted as the proper respondent in this case.

[2] The page numbers refer to the Bates-stamped number at the bottom of the pages of the State Court Records, Dkt. Nos. 11 & 12.

On November 7, 2011, Herrera entered into a plea agreement with the State, agreeing to plead guilty to continuous sexual abuse of a child and to serve 30 years of incarceration; the three remaining counts would be dismissed. Dkt. No. 11-2, pp. 97-100.

The plea agreement states that Herrera does not "read, write or understand the English language and all of this instrument has been translated to [him] from English to Spanish by Alejandro Solis," and Herrera affirmed that he "believe[d] [that he] fully underst[ood] all of it." Dkt. No. 11-2, p. 99.

On that same day, the 445th Judicial District Court sentenced Herrera to thirty years of incarceration. Dkt. No. 11-2, p. 119.

Herrera did not file a direct appeal. Thus, Herrera's conviction became final on December 7, 2011, when the period to file a direct appeal expired. Tex. R. App. Proc. 26.2; Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000).

On September 22, 2014, Herrera, acting pro se, filed a petition for a writ of habeas corpus with the Court of Criminal Appeals (hereafter "first petition"). Dkt. No. 11-1, pp. 7-24. In that petition, Herrera alleged that (1) there was no probable cause to arrest him; (2) his defense counsel "acted in concert with the state by concealing material exculpatory evidence," such as DNA tests and psychological exams of the victim; (3) counsel was ineffective for failing to investigate the case and failing to request an interpreter; (4) and the police, the judicial system and his attorney committed civil conspiracy to ensure his conviction. Id.

On December 17, 2014, the Court of Criminal Appeals "denied" Herrera's first petition. Dkt. No. 11-1, p. 1.

On February 1, 2015, Herrera filed a motion for a writ of mandamus in the Court of Criminal Appeals. Dkt. No. 11-2, pp. 126-132. In that petition, Herrera sought to have the Court of Criminal Appeals mandamus the state district court "to prepare a writ of habeas corpus" to release Herrera. Id., p. 131.

On March 4, 2015, the Court of Criminal Appeals denied the mandamus petition. Dkt.

No. 11-2, p. 125.

On May 28, 2015, Herrera filed a second habeas petition in the state courts. Dkt. No. 11-2, pp. 155-165. In that petition, Herrera raised two issues: (1) his counsel was ineffective for failing to secure an interpreter; (2) his plea was unknowing and involuntary because he did not have an interpreter. Id.

On August 15, 2015, the Court of Criminal Appeals "dismissed" Herrera's second petition as a "subsequent application," pursuant to Tex. Code Crim. Proc. art. 11.07, § 4(a)-(c). Dkt. No. 11-2, p. 151.

**B. Procedural History**

On October 20, 2015, Herrera filed the instant petition for a writ of habeas corpus in this Court. Dkt. No. 1. Interpreting the submission in the light most favorable to petitioner, Herrera alleges the same two issues that he raised in his second petition in state court: (1) he was denied an interpreter at his guilty plea and sentencing; (2) his lawyer was ineffective for failing to request an interpreter. Id.

On January 25, 2016, the State of Texas filed a motion for summary judgment. Dkt. No. 12. The State asserted that Herrera's petition is untimely filed and cannot be saved by equitable tolling. Id. Herrera did not file a response.

## II. Applicable Law

**A. Section 2254**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, only violations of the United States constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court

> may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

> clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result." Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Simmons, at 534 (quoting Williams, at 407).

**B. Timeliness**

A petitioner has a one year "period of limitation" in which to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). That period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). This one year period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2).

Further, the limitations period is not jurisdictional and may be equitably tolled. Holland v. Florida, 560 U.S. 631, 645 (2010). For equitable tolling to excuse the late filing of a petition, the petitioner must show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance" prevented timely filing. Id. at 649.

Equitable tolling does not apply, however, where a state court petition is filed after the expiration of the one year period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Moreover, the filing of a state petition does not serve to "revive an expired limitation period." Villegas v. Johnson, 184 F.3d 467, 472-73 (5th Cir. 1999).

A petitioner may overcome the limitations period by a showing of actual innocence. McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013). In order to prove actual innocence, the petitioner must persuade the Court that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)).

**III. Analysis**

In analyzing Herrera's claims, a basic premise is that allegations by pro se litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed, because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). In this case, even allowing for the latitude afforded a pro se claimant, neither the record – nor the law – render Herrera's claims timely filed.

**A. Timeliness**

As previously noted, Herrera had one year in which to file his § 2254 petition in this Court. As relevant here, Herrera had one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review." 28 U.S.C. § 2244(d)(1)(A).

Herrera's conviction became final on December 7, 2011, when the period to file a direct appeal expired. Tex. R. App. Proc. 26.2; Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000). By the plain language of § 2244(d)(1)(A), Herrera had until December 7, 2012, to file a habeas petition in Federal court. Instead, Herrera did not file until October 20, 2015, almost three years past the deadline.

The one-year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2). As recounted in the factual background, Herrera's first petition was filed on September 22, 2014. Dkt. No. 11-1, pp. 7-24. This petition did not toll the limitation period "because it was not filed until after the period of limitation had expired." Scott, 227 F.3d at 263(emphasis original). The petition for mandamus and the second habeas petition, each of which was filed after the limitations period had expired, also do not toll the deadline.

Given that Herrera's state habeas petitions did not statutorily toll the limitations period, his petition is untimely filed.

**B. Equitable Tolling**

Notwithstanding the absence of a statutory tolling of the limitations period, the statute of limitations may be equitably tolled. Holland, 530 U.S. at 645. To avail himself of such relief from the limitations period, Herrera must establish "extraordinary circumstances" that warrant the tolling of the limitations period. Id at 649. Herrera bears the burden of establishing that equitable tolling is appropriate. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000). Herrera has failed to meet this burden.

Herrera has not filed a response to the motion for summary judgment, so he has not provided any facts to demonstrate a right to equitable tolling. Nor did his petition to this Court set out reasons why he was unable to timely file his petition.

Accordingly, there is no basis to conclude that equitable tolling is appropriate in this

case.[3]

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the motion for summary judgment filed by Respondent Lorie Davis be **GRANTED**. It is recommended that Quelen Nolasco Herrera's petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 be **dismissed as untimely filed**.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2254 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). "Importantly, in determining this issue, we view the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." Druery v. Thaler, 647 F.3d 535, 538 (5th Cir. 2011) (internal quotations omitted) (citing Barrientes v. Johnson, 221 F.3d 741, 772 (5th Cir.2000)). The district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, Rules Governing § 2254 Petitions.

After reviewing Herrera's § 2254 motion and the applicable Fifth Circuit precedent,

---

[3] Even if the Court were to address the merits of Herrera's claims, he would fare no better. His claims in this court revolve entirely around not having an interpreter provided for him. His plea agreement expressly states that his plea agreement was translated to Spanish for him. Dkt. No. 11-2, p. 99. Thus, his claims are directly contradicted by the record and are meritless.

To whatever extent Herrera is claiming that he did not have a translator for his sentencing hearing, that claim was not raised until his second habeas petition. Dkt. No. 11-2, p. 161. As such, the state court never ruled on the merits of the claim. Id, p. 151. Accordingly, this claim is unexhausted and cannot be considered by this Court. Nickleson v. Stephens, 803 F.3d 748, 753 (5th Cir. 2015).

the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Herrera's § 2254 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on August 5, 2016.

Ronald G. Morgan
United States Magistrate Judge